# EXHIBIT B

Case 2:22-cv-03896   Document 1-2   Filed 06/07/22   Page 2 of 18   Page ID #:8
Electronically Filed by Superior Court of California, County of Orange, 05/05/2022 02:16:39 PM.
30-2022-01258164-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

MICHAEL R. CROSNER, ESQ. (SBN 41299)
mike@crosnerlegal.com
ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
BLAKE R. JONES, ESQ. (SBN 211221)
blake@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff VINCE BURKLUND,
As an individual on behalf of himself and
on behalf of all others similarly situated

Assigned for All Purposes
Judge Randall J. Sherman

CX-105

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

VINCE BURKLUND, as an individual on
behalf of himself and on behalf of all others
similarly situated,

     Plaintiff,

v.

GARDEN GROVE UNIFIED SCHOOL
DISTRICT, a California public school
district; and DOES 1-100, inclusive,

     Defendants.

Case No.:  30-2022-01258164-CU-OE-CXC

**COLLECTIVE AND CLASS ACTION
COMPLAINT FOR:**

1. **Recovery of Unpaid Minimum Wages
   and Liquidated Damages**

2. **Violations of the Fair Labor Standards
   Act (29 U.S.C. sections 201, *et. seq*) and**

3. **Unfair Competition *and***

**DEMAND FOR JURY TRIAL**

Plaintiff, VINCE BURKLUND ("PLAINTIFF"), as an individual on behalf of himself and on behalf of all others similarly situated hereby files this collective and class action Complaint against Defendants GARDEN GROVE UNIFIED SCHOOL DISTRICT, a California public school district; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1. This court possesses original subject matter jurisdiction over this matter. Venue is proper in Orange County, California, because DEFENDANTS transact business within this judicial district, DEFENDANTS employed PLAINTIFF to work in this judicial district and some of the complained of conduct occurred in this judicial district.

## THE PARTIES

2. PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of California and a citizen of the State of California who worked as a full-time non-exempt employee for DEFENDANTS in the State of California.

3. PLAINTIFF is currently employed by DEFENDANTS. PLAINTIFF worked for DEFENDANTS as a non-exempt employee in the maintenance department of Garden Grove Unified School District for over five years until he went on leave in or around late March 2021 or early April 2021.

4. DEFENDANTS own, operate, or otherwise manage public schools from grades pre-k through 12th grade for over 40,000 students in Garden Grove Unified School District in Orange County, California.[1]

5. On information and belief, Defendant GARDEN GROVE UNIFIED SCHOOL DISTRICT, is a California public school district, duly licensed to conduct business in the State of California, and it maintains its principal place of business in Orange County, California.

6. The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally

---

[1] *See* https://www.ggusd.us/district/about-us. Last visited on April 22, 2022.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this

2   Complaint to reflect the true names and capacities of the Doe Defendants when such identities

3   become known.

4      7.  PLAINTIFF is further informed and believes that, at all relevant times, each

5   Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director,

6   controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

7   predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

8   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

9   of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this

10  complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant

11  acted pursuant to and within the scope of the relationships alleged above, and that at all relevant

12  times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,

13  controlled, aided and abetted the conduct of all other Defendants.

14            **JOINT LIABILITY**

15     8.  Under California law, the definition of the terms "to employ" are broadly construed

16  under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to

17  exercise control over the wages, hours or working conditions; (2) to suffer or permit to work; or (3)

18  to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49

19  Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control

20  was to reach situations in which multiple entities control different aspects of the employment

21  relationship. Supervision of the work, in the specific sense of exercising control over how services

22  are properly performed, is properly viewed as one of the "working conditions" mentioned in the

23  wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a

24  temporary employment agency) hires and pays a worker, and the other entity supervises the work.

25  *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in

26  California, applying a less stringent standard to what constitutes sufficient control by a business

27  over its vendor's employees' wages and working conditions to render that business liable as a joint

28  employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

9.     During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and, (3) engaged PLAINTIFF and Class Members to work for them.

10.     PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices across all of their locations and subjected all of the Class Members to these same policies and practices regardless of the location(s) where they worked.

11.     PLAINTIFF is informed and believes, and thereon alleges that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members. Specifically, upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay, time-keeping practices, meal and rest periods, reimbursement of business expenses and other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. Based on information and belief, DEFENDANTS collectively represented to PLAINTIFF and the Class Members that each was an "at-will" employee of

4

1   DEFENDANTS, and that DEFENDANTS collectively retained the right to terminate PLAINTIFF's

2   and Class Members' employment with or without cause. Upon information and belief,

3   DEFENDANTS further collectively represented to PLAINTIFF and Class Members in writing the

4   details of their compensation, and the manner in which they were to take meal and rest periods, the

5   procedures required by DEFENDANTS collectively for recordation of hours worked and the

6   policies applicable to PLAINTIFF and Class Members by which DEFENDANTS collectively

7   would evaluate the wage rates of PLAINTIFF and Class Members.

8         12.    Thus, DEFENDANTS collectively exercised the right to control the wages, hours

9   and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively

10   held the right to control virtually every aspect of PLAINTIFF's and the Class Members'

11   employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF

12   seeks relief in this Complaint.

13         13.    PLAINTIFF is informed and believes that DEFENDANTS exercised the same

14   control over, applied the same policies and practices, and engaged in the same acts and omissions

15   with regard to the other Class Members.

16                      **CLASS ALLEGATIONS**

17         14.    PLAINTIFF brings the California state law claims on behalf of himself, and all others

18   similarly situated as a class action pursuant to Code of Civil Procedure section 382. The class

19   PLAINTIFF seeks to represent are defined as follows and referred to as the "Class" or "Class

20   Members":

21                All current and former non-exempt employees that worked for

22                DEFENDANTS in California at any time within the four years prior

23                to the filing of the initial complaint ("Class Period").

24              a.  Numerosity. While the exact number of Class Members is unknown to

25                  PLAINTIFF at this time, the class is so numerous that the individual joinder of

26                  all members is impractical under the circumstances of this case. PLAINTIFF is

27                  informed and believes the class consists of at least 100 individuals.

28              b.  Common Questions of Law and Fact. This lawsuit is suitable for class treatment

because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum wages, under California law; and (2) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq*.

c. <u>Ascertainable Class.</u> The proposed class is ascertainable as its members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as the other Class Members as a result of DEFENDANTS' common practices regarding DEFENDANTS' failure to calculate and pay all owed minimum wages.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f. <u>Superiority.</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to

6

them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

### FACTUAL AND LEGAL ALLEGATIONS

15. During the four-year period preceding filing of this complaint, PLAINTIFF, and each of the Class Members, were employed by DEFENDANTS in the State of California as non-exempt, employees. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF, and Class Members and suffered and/or permitted them to work.

16. PLAINTIFF was employed by DEFENDANTS during the relevant period as a full-time, non-exempt employee in the maintenance department of Garden Grove Unified School District. PLAINTIFF worked for DEFENDANTS for over five years until he went on leave in or around late March 2021 or early April 2021. Based on information and belief, PLAINTIFF continued to receive wage statements from DEFENDANTS after going on leave. PLAINTIFF was typically scheduled to work at least eight (8) hours per shift, five (5) days per week.

17. **Unpaid Wages.** DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked by virtue of, including but not limited to, DEFENDANTS' automatic deduction policies and practices for meal periods (described below), failure to relieve employees of all duties and employer control during unpaid meal periods or otherwise unlawful meal period practices, time-rounding policies and practices, payment according to scheduled hours worked instead of actual time worked, and mandated pre-shift/post-shit and/or other mandated off-the-clock work policies and practices.

18. PLAINTIFF and Class Members were consistently unable to take off duty, thirty-

7

minute, uninterrupted meal periods, often being forced to take late meal periods, interrupted meal periods and/or work through part or all their meal periods due to the nature and constraints of their job duties, understaffing, and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely. For example, PLAINTIFF was regularly interrupted during meal periods due to work-related communications and/or text messages from his coworkers and/or managers/ supervisors, and/or was required to complete other off-the-clock work tasks during purported meal periods. Based on information and belief, despite failing to provide lawful meal periods, DEFENDANTS implemented a policy and/or practice of automatically deducting at least thirty minutes per shift for meal periods, despite having actual and/or constructive knowledge that the purported meal periods were short, not taken, interrupted, or not relieved of all duties and employer control, thereby depriving PLAINTIFF and Class Members of all earned wages.

19. Based on information and belief, DEFENDANTS rounded the start and end times of employee meal periods and true shift start and end times resulting in PLAINTIFF and other Class Members not being paid all owed wages for all time worked. For example, DEFENDANTS compensated PLAINTIFF only for scheduled hours worked rather than all hours actually worked, by requiring PLAINTIFF and other Class Members to sign a time sheet that notated only the scheduled hours worked in the pay period. Based on information and belief DEFENDANTS only paid PLAINTIFF and the Class Members for the scheduled hours notated on the time sheet, as opposed to all hours actually worked.

20. Based on information and belief, DEFENDANTS implemented a policy and practice of paying PLAINTIFF and Class Members for scheduled work hours only and not the hours actually worked due in part to mandated off-the-clock work. PLAINTIFF and other Class Members were required to perform pre-shift and post-shift off-the-clock work due to DEFENDANTS' failure to record the true shift start times and shift end times for PLAINTIFF and Class Members. Moreover, DEFENDANTS required PLAINTIFF and Class Members to submit to temperature screenings and notate their temperature on a sheet prior to beginning their scheduled shift. These temperature screenings took at least a few minutes to complete. This work time was not recorded and was not compensated, depriving PLAINTIFF and Class Members of all owed wages for all hours worked.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

21.     Based on information and belief, DEFENDANTS failed to pay Class Members for time they were required to spend completing orientation, trainings, policy questionnaires, and/or time spent completing the onboarding process including but not limited to reviewing documents and policies provided by DEFENDANTS. Based on information and belief, this work time was completed off-the-clock and was not compensated.

22.     DEFENDANTS' time rounding, automatic deduction policies and practices as well as mandated off-the-clock work described herein resulted in a failure to account for all hours worked and deprived PLAINTIFF and Class Members of all owed wages.

23.     Based on information and belief, DEFENDANTS had actual or constructive knowledge that its time-rounding and auto-deduction policies and practices and failure to provide off-duty meal periods, payment according to scheduled hours rather than actual hours worked/other off-the-clock work policies and practices described above, resulted in the underpayment of minimum wages owed to PLAINTIFF and Class Members.

24.     PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS engaged in these same herein described unlawful practices with regard to all of the Class Members and that DEFENDANTS applied these same herein described unlawful practices to all of their employees that it applied to PLAINTIFF.

**FIRST CAUSE OF ACTION**
**Recovery of Unpaid Minimum Wages and Liquidated Damages**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

25.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

26.     Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage. Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

27.     DEFENDANTS violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked by virtue of, among other things, DEFENDANTS' time rounding policies and practices, payment according to scheduled hours

9

worked instead of actual time worked, mandated off-the-clock work policies and/or practices, automatic deduction policies and practice for meal periods, and failure to relieve employees of all duties/employer control during unpaid meal periods (described above).

28.    DEFENDANTS had and continue to have a continuous policy of failing to pay PLAINTIFF and Class Members for all hours worked.

29.    Based on information and belief, DEFENDANTS had and continue to have a continuous policy of rounding PLAINTIFF's and Class Members' start and end of shift times and/or requiring PLAINTIFF and other Class Members to only record scheduled hours worked. Based on information and belief, DEFENDANTS had and continue to have a continuous policy of rounding meal period start and end times and/or automatically deducting thirty minutes per shift for meal periods that were not actually afforded, resulting in unpaid minimum wages.

30.    Based on information and belief, DEFENDANTS had and continue to have a continuous policy of paying PLAINTIFF and Class Members for scheduled hours, rather than actual hours worked.

31.    Based on information and belief, DEFENDANTS had and continue to have a continuous policy of requiring PLAINTIFF and the Class Members to perform work prior to clocking in for their shifts and/or outside of their scheduled shift times and during uncompensated meal periods, resulting in unpaid minimum wages.

32.    Based on information and belief, DEFENDANTS had actual or constructive knowledge that its time-rounding policies and practices, auto-deduction policies and practices for meal periods, failing to relieve employees of all duties and employer control during unpaid meal periods, mandated off-the-clock work, policy and practice of payment according to scheduled work time rather than actual work time resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members.

33.    Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus attorney's fees and costs, in an amount to be proved at trial.

**SECOND CAUSE OF ACTION**

10

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Collective Action Claim – Fair Labor Standards Act, 29 U.S.C. section 206, 207, 216
(By PLAINTIFF and the FLSA Class Against all DEFENDANTS)**

34.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

35.     PLAINTIFF brings this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

36.     PLAINTIFF brings this FLSA claim on behalf of himself, and all similarly situated individuals employed by DEFENDANTS as a non-exempt employee in California at any time within three years prior to the filing of the initial complaint ("FLSA Class").

37.     PLAINTIFF and the FLSA Class are or were employed by DEFENDANTS within the meaning of the FLSA.

38.     At all relevant times, DEFENDANTS were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of FLSA, 29 U.S.C. section 203. Upon information and belief, DEFENDANTS have an annual gross revenue of over $500,000.

39.     Attached hereto as **Exhibit 1** is PLAINTIFF's consent to sue pursuant to section 16(b) of the FLSA, 29 U.S.C. sections 216(b) and 256. Other FLSA Class members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

40.     The FLSA requires each covered employer, such as DEFENDANTS, to compensate all non-exempt employees for all hours worked and overtime at a rate of no less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

41.     As alleged above, and in violation of 29 U.S.C., section 206, DEFENDANTS failed to compensate PLAINTIFF and the FLSA Class members minimum wages for all hours worked by virtue of DEFENDANTS' time rounding policies and practices, auto-deduction for meal periods, payment according to scheduled work hours rather than actual work hours, and mandated off-the-clock work policies and practices including but not limited to pre-shift off-the-clock work, off-the-clock work performed during off-the-clock meal periods, and other off-the-clock work performed outside of the scheduled shift times.

42.     Moreover, the above-described policies and practices resulted in a violation of 29

11

U.S.C., section 207, as DEFENDANTS failed to compensate all overtime hours by virtue of their time rounding policies, auto-deduction for meal periods, payment according to scheduled work hours rather than actual work hours, and other above-described off-the-clock work policies and practices. Moreover, based on information and belief, DEFENDANTS, in violation of 29 U.S.C., section 207, failed to incorporate all non-discretionary compensation, including but not limited to bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rate when PLAINTIFF and the FLSA Class members worked in excess of 40 hours in a workweek.

43.    DEFENDANTS failed to make a good faith effort to comply with the FLSA as it relates to the compensation of PLAINTIFF and members of the FLSA Class. DEFENDANTS knew PLAINTIFF and members of the FLSA Class worked minimum and overtime hours without proper compensation. This conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. section 255(a).

44.    PLAINTIFF on behalf of himself and the FLSA Class, seeks damages in the amount of the unpaid minimum and overtime wages, liquidated damages as provided by the FLSA, and such other legal and equitable relief as the Court deems just and proper.

45.    PLAINTIFF, on behalf of himself and the FLSA Class, also seeks recovery of attorney's fees and costs of suit incurred as provided by the FLSA, 29 U.S.C. section 216(b).

### THIRD CAUSE OF ACTION
**Unfair Competition**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

46.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

47.    The unlawful conduct of DEFENDANTS alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum and overtime wages by virtue of its illegal policies and practices.

48.    Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, Wage Orders, and FLSA, DEFENDANTS have gained a competitive

12

advantage over other comparable companies doing business in the State of California that comply with their obligations to pay all owed minimum and overtime wages.

49.    As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and the Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, *et seq.*, PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

50.    PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class Members, enjoining DEFENDANTS and any and all persons acting in concert with them from engaging in each of the unlawful practices and policies set forth herein.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of himself and the Class Members as follows:

1.  For an order that the action be certified as a class action;

2.  For an order that PLAINTIFF be appointed as class representative;

3.  For an order that counsel for PLAINTIFF be appointed as class counsel;

4.  For compensatory damages according to proof;

5.  For liquidated damages according to proof;

6.  For penalties according to proof;

7.  For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8.  For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq.*, of the California Business and Professions Code;

9.  For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For an order certifying the second cause of action of this Complaint as a collective action under the FLSA, and directing the issuance of notice pursuant to 29 U.S.C. section 216(b)

13

1    to all members of the FLSA Class with instructions to permit them to assert timely FLSA

2    claims in this action by filing individual Consents to Sue under 29 U.S.C. section 216(b).

3    12. For attorney's fees and costs reasonably incurred; and

4    13. For such other and further relief that the Court deems just and proper.

5

6    Dated: May 5, 2022                              **CROSNER LEGAL, PC**

7

8                                        By: _____

9                                              Michael R. Crosner, Esq.
                                              Zachary M. Crosner, Esq.
10                                             Blake R. Jones, Esq.
                                              Attorneys for Plaintiff,
11                                             VINCE BURKLUND

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims so triable.

Dated:  May 5, 2022                                 **CROSNER LEGAL, PC**


                                    By: _____
                                            Michael R. Crosner, Esq.
                                            Zachary M. Crosner, Esq.
                                            Blake R. Jones, Esq.
                                            Attorneys for Plaintiff,
                                            VINCE BURKLUND

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT
# 1

## CONSENT TO JOIN COLLECTIVE ACTION

**Pursuant to Fair Labor Standards Act**
**29 U.S.C. § 216(b)**

*Burklund v. Garden Grove Unified School District, et. al.*

Name: <u>Vince Burklund</u>

1. I am over the age of eighteen and competent to give my consent in this matter.

2. I consent and agree to pursue my claims for unpaid minimum and overtime amounts that I allege are due to me for work I performed from on or about May 2019 to the present for which I allege Garden Grove Unified School District is liable.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover alleged unpaid minimum and overtime wages and other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

4. I choose to be represented by class counsel Crosner Legal, P.C., for all purposes in this action and to take any steps necessary to pursue my claims, including filing new lawsuits.

04 / 29 / 2022
_____
Date Signed

_____
Signature

<u>Vince Burklund</u>
Printed Name